# Frederick A. Bragg
## v.
# Henry C. Walker.

*Practice—Evidence—Questions for Jury—Real Estate Brokers—Action for Commissions.*

1.  The inferences which are to be drawn from facts which may support conflicting theories in a case, are peculiarly for the jury.

2.  On appeal the conclusions of fact reached by the jury are presumed to be right and will be so held, unless from an examination of all the evidence it appears that such conclusions are not sustained by, or are clearly against the evidence.

3.  In an action to recover commissions for finding a customer to purchase real estate, this court holds, upon a review of the evidence, that it sustains a verdict for the defendant.

[Opinion filed July 27, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Dupee, Judah & Willard, for appellant.

Messrs. Follansbee & O'Connor, and DeWitt C. Jones, for appellee.

*Per Curiam.* This action was brought by appellant to recover commissions for finding a customer to purchase certain real estate. The case was tried before the court and jury and a verdict was rendered for appellee. No error of law is alleged, but it is contended that the verdict should be set aside as being manifestly against the weight of evidence. It is said that it is clearly established by the proof that Walker, on or about the 26th day of September, 1885, told Bragg that if he could sell his (Walker's) property for $100,-000 he would give him a commission of $5,000; that Bragg found a customer for the property for the price named and

that Walker then refused to sell. If the verdict had to rest alone upon a finding that Walker never told Bragg that he would give him $5,000 if he sold the property for $100,000, we should be inclined to agree with counsel for appellant that the verdict would be so far against the weight of evidence that it could not be sustained.

But the verdict does not rest on such a finding. Indeed, the jury may well have found in appellant's favor on that particular contention and still have properly rendered a verdict against him. Walker swears that at a time when Bragg came to him with an offer of $90,000 he explained to Bragg that certain changes had taken place with reference to his State Street property and that he could not, therefore, sell the property about which the controversy has arisen and that he would not do so. That is, appellee claims that whatever occurred as to the offer to sell before the customer was found he had withdrawn the authority and told appellant that he would not sell the property.

Upon this contention there is a conflict, arising out of inferences which appellant claims are to be deduced from other circumstances in the evidence, but there is no direct denial of Walker's testimony by appellant upon this point, and Walker states this conversation with detail and particularity. It can not be said that the evidence on this issue does not support the verdict, nor in our opinion can it be said that the evidence does not on this point fairly preponderate upon the side of appellee.

Many of the circumstances which occurred subsequently tend as much to support appellee on this point as they do to support the contrary theory.

The inferences which are to be drawn from facts which may support conflicting theories in a case are peculiarly for the jury. On review, the conclusions of fact reached by the jury are presumed to be right, and will be so held unless, from an examination of all the evidence, the court can see that such conclusions are unsustained by or are clearly against the evidence in the record.

Even on issues where we would, upon an original consider-

ation of the evidence, have reached a different conclusion, we are not authorized to reverse merely for that reason. When all the evidence in this record is fairly considered, it may be said to be a matter of doubt which party is, upon the whole, entitled to the verdict.

Under the rule of law in such a case the plaintiff would fail below, and on appeal the verdict must be held to have settled the issue of fact in favor of appellee.

The record does not present a case for reversal on the ground on which the reversal is asked, nor, so far as we have been able to discover, on any other ground.

The judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*